SPYCO, INC., PLAINTIFF, v. MANFRED DEMENUS AND THEODORE VAN ARTHOS, DEFENDANTS.

Superior Court of New Jersey
Chancery Division Monmouth County

Decided January 21, 1988.

*Dean I. Schneider* for plaintiff (*Schneider, Freiberger & Kastner,* attorneys).

*Jeri S. Bitterman* for defendants.

McGANN, J.S.C.

This action was brought to discharge a *lis pendens* filed by defendants and for compensatory and punitive damages to which plaintiff alleges it is entitled by reason of the alleged wrongful filing. The matter came before the court on the return date of an initial order to show cause. The question argued then was whether this *lis pendens* should be discharged. Counsel have fully briefed and argued that issue. There are no material facts that are contested. Counsel were advised that the court considered the matter resolvable as on a motion for summary judgment and that it would be decided by this opinion.

Spyco, Inc. is a New Jersey corporation engaged, generally, in the acquisition and development of real estate. In December of 1986 Spyco transferred title to some 60 acres of land in the Borough of Tinton Falls to Tinton 60, Inc., and took back a note and recorded mortgage for $1,135,000. In June of 1987 Sypco transferred title to some 26 acres in the Borough of Tinton Falls to Tinton 35, Inc. and took back a note and recorded mortgage for $1,620,000.

On August 21, 1987, there was instituted in the United States District Court for the District of New Jersey an action entitled Manfred Demenus and Theodore Van Arthos—vs—Tinton 35, Inc., Tinton 60 Inc., Homes For Today, Inc., Harvey I. Marcus, Jacques Rotnemer and Group Construction Company of Ocean Township I, Inc. It alleged, among others, that Spyco and others entered into a joint venture agreement with the plaintiffs for the acquisition and development of three tracts of land (two of which are the 60 acre and 26 acre tracts set forth above); that in violation of that agreement Spyco had acquired title to those tracts in its own name and had transferred title to Tinton 60, Inc. and Tinton 35, Inc. The plaintiffs, Demenus and Arthos, sought a judgment setting aside those transfers or, in

the alternative, the imposition of a constructive trust in favor of the joint venture. They also sought the cancellation of the mortgages given by Tinton 60, Inc. and Tinton 35, Inc. as well as other equitable relief as the same might be accorded, and money damages. Neither Spyco, Inc. or Herbert Sylvester, its principal, are named in that District Court action.

On August 26, 1987, the plaintiffs in that action caused to be filed with the Monmouth County Clerk, two Notices of Lis Pendens (captioned in the District Court case). One was referenced to the mortgage from Tinton 60, Inc. to Spyco and the other from Tinton 35, Inc. to Spyco. Metes and bounds descriptions were attached to each. On September 29, 1987, Amended Notices of Lis Pendens were filed to correct errors in the metes and bounds descriptions.

In this action, it is Spyco's position that a Notice of Lis Pendens may not be filed affecting the property interest of one not a party to the underlying action. It seeks a declaration of nullity and an order discharging the *lis pendens* of record.

*N.J.S.A.* 2A:15–6, in pertinent part, provides as follows:

> In every action, instituted ... in the United States District Court for the District of New Jersey, the object of which is to enforce a lien ... upon real estate or to affect title to real estate or a lien or encumbrance thereon, plaintiff, or his attorney shall, after the filing of the complaint, file in the office of the county clerk ... of the county in which the affected real estate is situate, a written notice of the pendency of the action, which shall set forth the title and the general object thereof, with description of the affected real estate.

The Notice of Lis Pendens as filed complied with those requirements. The District Court action, among other purposes, was brought "to affect title to real estate or a lien or encumbrance there." The Notices contain the following language:

> This *Lis Pendens* is limited to liens and encumbrances on the property and is *not* filed against or with respect to fee title ownership of the property ...

There is, then, facial compliance with the statute.

A copy of the Notices of Lis Pendens was not served on either Spyco or Sylvester. See *N.J.S.A.* 2A:15–7b. Spyco became aware of the existence of the Notices of Lis Pendens as

the result a title search ordered in connection with proposed refinancing plans.

The precise issue presented is "May a Notice of Lis Pendens be filed against a property interest of a person who is not a defendant in the law suit from which the notice emanates?"

Plaintiff bases its argument on a reading of the lis pendens statutes and an extraction therefrom of legislative intent.

*N.J.S.A.* 2A:15–7(a) provides, in pertinent part: "In an action to enforce or declare rights in ... real estate, wherein plaintiff's claim arises out of a written instrument, which instrument either is executed by defendant and identifies such real estate or appears of record with respect to the title thereto ..."

*N.J.S.A.* 2A:15–7(b) provides that in cases of the nature set forth in subsection (a) no separate notice need be given by the plaintiff. However, "(i)n an action other than one specified in subsection (a) ... the plaintiff shall, within three days after the filing of the Notice of Lis Pendens, serve upon the *defendant* (plaintiff's emphasis) a copy of the Notice of Lis Pendens and of the complaint...."

In this case the claim of the plaintiffs in the District Court action did not "arise out of" a written instrument. Rather, plaintiffs are attacking the validity of the two mortgages. Subsection (b) then applies and it requires service of the notice on the defendant—in the underlying action (i.e. the District Court action). Spyco is not a defendant.

*N.J.S.A.* 2A:15–14 also contains language bearing on legislative intent. It provides that: "Whenever a final judgment is made in favor of the *defendant or defendants* [plaintiff's emphasis] in any action ..." where a notice of lis pendens has been filed, the county clerk shall enter in the margin of the recorded notice a statement of the substance of the judgment. That marginal statement effectively discharges the involved real estate from the possible lien or effect of any claims set up in the complaint.

Plaintiff argues that such language reinforces its position that a Notice of Lis Pendens against the interest of a party not named as a defendant is void. That position is, I find, correct.

An improperly filed Notice of Lis Pendens can create "a hardship on the owners of real estate where the alleged interest in the property is uncertain or problematical ... [T]he very filing of a notice of lis pendens destroys the ability of the property holder to convey marketable title if the litigant has any possibility of success." *Fravega v. Security S & L Ass'n,* 192 *N.J.Super.* 213, 218 (Ch. Div.1983). Because the very filing of a Notice of Lis Pendens constitutes a "taking of property" in the constitutional sense, *Chrysler Corp. v. Fedders Corp.,* 519 *F.Supp.* 1252 (D.N.J.1981), rev'd on other grounds, 670 *F.*2d 1316 (3d Cir.1982), due process concepts are implicated. *Trus Joist Corp. v. Treetop Associates Inc.,* 97 *N.J.* 22, 32 (1984). That need evoked the legislative response which in 1982 led to the adoption of *N.J.S.A.* 2A:15–7(b). Therefore, since a copy of the Notice must be served on the defendant in the pending action it is illogical and indeed may be unconstitutional to permit the filing of the Notice against the property interest of a person who is not a named defendant in that action.

By failing to follow the statutory mandate the plaintiffs in the federal action have created the present situation. Not being a named party in that suit and not having received notice of the filing of the *lis pendens* and having discovered its potentially disastrous effect of its financing plans, Spyco had no alternative other than this separate action to discharge that *lis pendens.* This court has full jurisdiction to accord that relief.

Therefore, counsel for Spyco will submit an order directing the County Clerk of Monmouth County to discharge on the record the Notices of Lis Pendens filed on August 26, 1987, and the Amended Notices filed on September 29, 1987.

The balance of Spyco's claim sounding in money damages for slander of title will be transferred to the Law Division upon the

filing of an Answer by the defendants. That Answer must be filed within 10 days of the receipt of a copy of this opinion.